IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                   ORDER

      Plaintiff,

                   12-cv-240-bbc

  v.

MACHEAL SCHULTZ, CORRECTIONAL OFFICER MINNING,
CORRECTIONAL OFFICER PETERSON, GEORGE JIMINEZ,
PETE ERICKSON, MACHEAL BAENEN, TOMES COMPBALL,
CORRECTIONAL OFFICER COMMEING, CORRECTIONAL OFFICER NUEMKE,
CORRECTIONAL OFFICER ROUSE, CORRECTIONAL OFFICER TINGLY,
SARAH COOPER and JOHN DOES 1-12,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se plaintiff Natanael Rivera has filed two proposed complaints under 42 U.S.C. § 1983 about incidents that occurred at the Green Bay Correctional Institution. In the first complaint, which he calls "Verified Complaint under 42 U.S.C. § 1983," he alleges that, on April 28, 2011, defendants Schultz, Peterson, Minning and unknown defendants subjected him to a "sexual pat down" and took off his pants for no legitimate purpose, In the second complaint, which he calls "Amended Verified Complaint under 42 U.S.C. § 1983," he alleges that, on July 14, 2011, defendant George Jimenez and unknown defendants used excessive force against him and then made him walk naked in front of other prisoners.

  In a letter accompanying plaintiff's two complaints, he says he would like to "combine" them "into one." Dkt. #4. Unfortunately, I cannot grant this request because

1

it would violate Rule 20 of the Federal Rules of Civil Procedure. Under that rule, a plaintiff may not join unrelated claims against different defendants in the same lawsuit. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Because plaintiff's two complaints involve different incidents and different defendants, they cannot proceed as part of the same lawsuit.

Under George, I may apply the initial partial payment plaintiff has made to only one of the complaints. Plaintiff will have to choose which complaint that is. That complaint will be the only one assigned to case number 12-cv-240-bbc.

As for the other lawsuit, plaintiff has a more difficult choice. If he chooses to pursue his other complaint separately, he will be required to pay a separate filing fee for the second lawsuit. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each lawsuit that he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss the other lawsuit voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it within the statute of limitations period.

Because it is not clear at this time which of his separate lawsuits he will pursue, I have not yet decided the merits of the claims raised in either complaint or determined whether

the allegations satisfy the federal rules. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

Plaintiff has filed several other motions as well. I will address those once plaintiff chooses which claims to pursue and I have screened his complaint.

ORDER

IT IS ORDERED that

1. Plaintiff Natanael Rivera may have until June 25, 2012, to identify for the court whether he wishes to proceed with his "Verified Complaint under 42 U.S.C. § 1983" or his "Amended Verified Complaint under 42 U.S.C. § 1983" under the number assigned to this case. Plaintiff must pick one and only one of these complaints to proceed under case no. 12-cv-240-bbc.

2. Plaintiff may have until June 25, 2012, to advise the court whether he wishes to (1) pursue the other complaint under a separate case number; or (2) dismiss the other complaint without prejudice so that he may file it at a later date.

3. If plaintiff dismisses the other complaint voluntarily, he will not owe a second filing fee. If he chooses to pursue the other complaint, he will owe a separate $350 filing fee and will be assessed another initial partial payment.

4. If plaintiff fails to respond to this order by June 25, 2012, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute.

Entered this 11th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge