IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATANAEL RIVERA,

                Plaintiff,                                  ORDER

   v.                                                             12-cv-240-bbc

MICHAEL SCHULTZ, *et al.*,

                Defendants.

---

Pro se plaintiff Natanael Rivera is proceeding on a claim that defendants Michael Schultz, Samuel Menning, Lawrence Peterson and George Jimenez subjected him to a strip search, in violation of the Eighth Amendment. The trial begins November 12, 2013. Now before the court are several motions filed by plaintiff, which I discuss below.

**I. Motions to Compel, dkts. 53, 69**

Plaintiff has filed two motions to compel discovery of several categories of documents and requests for sanctions against defendants for failing to respond properly. Defendants stand on their original responses to plaintiff, which they have included and which shows that they *have* responded to many of the requests plaintiff made. Plaintiff does not explain how defendants' responses have fallen short. After considering the materials submitted by the parties, I will deny these motions in full, referring to each request below by the numbering used by the parties.

      **Request 3: "All Wisconsin administrative policy and procedure copies"**

Defendants state that these materials are available for viewing in the library. This is all that is required.

**Request 4:** "segregation unit log books entries recording copies"

Defendants object on the vagueness of the request but have provided a redacted version of the log book for April 28, 2011, which should be all that plaintiff needs. Plaintiff has not given any reason why he would need more records. I conclude that defendants have provided the appropriate documents.

**Request 5:** "all copies of all ICI, ICE and appeals request . . . and any and all sexual misconduct by staff and employees in WDOC"

Defendants object on grounds of vagueness and confidentiality, but have provided copies of plaintiff's own grievances regarding staff sexual misconduct. My guess is that this was not what plaintiff was looking for, but the request is so wide-ranging, apparently seeking materials regarding all DOC employees, that defendants were correct in objecting.

**Request 6:** "any and all copies of videotapes recording of segregation of plaintiff's movements"

**Request 7:** "any and all copies of videotapes of defendants unlawful act on April 28, 2011"

Defendants object to the first request as overly broad: plaintiff does not give any time frame for the request. I agree. Defendants state that there is no videotape of or regarding the April 28, 2011 incident, so there is nothing for them to turn over.

**Request 8:** "any and all [incident] report "IR" from all defendants on 4/28/11 and any and all IR by any and all staff official or employers at WDOC and GBCI"

Defendants state that there were no incident reports filed regarding this incident, so there is nothing for them to provide.

**Request 11:** "any and all PREA phone calls by plaintiff of the defendants sexual misconduct and harassment"

Defendants have provided a written summary of the call as part of the internal investigation records provided to plaintiff. This is a sufficient response to plantiff's request.

**Request 12:** "any and all other[] information, logs, papers, e-mail, videotape and or evidence pursuant to this civil action"

Defendants state that no other material exists, so there is nothing for them to provide.

**Request 13:** "any and all defendant records of inmates and or staff complaints complaining of the defendants for the pas[t] 15 years for weight and credibility"

Defendants object that this request is overly broad and seeks confidential information pertaining to other inmates. The confidentiality objection may not hold water because defendants would be free to redact sensitive information. But the fact that plaintiff makes such an open-ended request, particularly with regard to the type of complaint requested (for instance, plaintiff does not limit his request to complaints regarding sexual harassment) leads me to uphold defendants' broadness objection.

**Request 14:** "all defendants position summary workers activities"

Defendants have provided their position descriptions, and plaintiff does not explain how this was inadequate, so I conclude that defendants have adequately complied with the request.

**Request 15:** "any and all defendants criminal records for trial for weight and credibility"

Defendants already have provided this information.[1]

## II. Motion for Extension of Legal Loan, dkt. 66

Plaintiff has moved for an extension of his legal loan to pay for supplies, including a note he received regarding an extension of his legal loan for a separate case. Plaintiff does not show that he has requested a similar extension in this case and has been denied, so I will deny his motion.

In this motion, plaintiff includes requests that the court order the institution to give him a personal typewriter, provide access to legal books not in the law library, provide extra legal library time to have free hands to perform his work (he states that he handcuffed to a "belly restraint" now). Plaintiff does not provide any details about his ability or inability to perform the tasks actually necessary to litigate this case, and this court will not intervene in the operation of the institution unless plaintiff shows quite clearly that he is being prevented from litigating

---

[1] As it turns out, neither of the charges disclosed are felonies nor do they appear to involve dishonest acts or false statements. Therefore, pursuant to Fed. R. Evid. 609, it is unlikely that plaintiff will be able to use them to impeach a witness. The parties will be able to develop this issue further in their motions *in limine*.

the case. Nothing that plaintiff has submitted establishes that this is the case, so I will deny this portion of his motionl.

**III. Motion to Wear "Civilian Clothing" at Trial, dkt. 68**

Plaintiff has filed a motion to be allowed to wear "civilian clothes"[2] at trial, which defendants do not oppose. I will grant the motion. However, plaintiff includes a request that prison staff "prepare" an indigent phone call so that he contact someone about getting him such clothing. The court will not order prison staff to allow plaintiff to make certain phone calls, so that part of the motion will be denied. But I will advise plaintiff that this court's policy is that plaintiff must make his own arrangements for street clothing by asking family members or friends to have his street clothing delivered to the office of the United States Marshal, 120 N. Henry Street, Madison, WI 53703, not later than 8 a.m., November 12, 2013.[3] Alternatively, plaintiff could ask prison officials to transfer his clothing to the marshal when they bring him to the courthouse for trial. Whether they would agree to do this is a matter within their discretion.

---

[2] Plaintiff calls them "civilian clothes, "the court refers to non-prisoner attire as "street clothes," but we're talking about the same thing.

[3] Plaintiff also asks for the room number and time of the trial so that his family can watch the trial. Proceedings are scheduled to start at 8:00 a.m. on Tuesday, November 12, 2013 in Courtroom 260.

5

ORDER

It is ORDERED that:

(1) Plaintiff Natanael Rivera's motions to compel discovery, dkt. 53, 69, are DENIED.

(2) Plaintiff's motion for an extension of his legal loan, dkt. 66, is DENIED.

(3) Plaintiff's motion to appear in street clothes at trial, dkt. 68, is GRANTED, provided that plaintiff arranges for his own street clothes to be transferred to the federal courthouse by 8 a.m. on November 12, 2013.

(4) Plaintiff's motion for the court to arrange a phone call regarding his street clothes, dkt. 68, is DENIED.

Entered this 9th day of October, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge