IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                    Plaintiff,

    v.

MICHAEL SCHULTZ, SAMUEL MENNING,
LAWRENCE PETERSON and GEORGE JIMENEZ,

                  Defendants.

ORDER

12-cv-240-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Natanael Rivera is proceeding on a claim that defendants Michael Schultz, Samuel Menning, Lawrence Peterson and George Jimenez subjected him to a strip search, in violation of the Eighth Amendment. Trial is scheduled for November 12, 2013. Magistrate Judge Stephen Crocker ruled on several of plaintiff's pending motions in a October 10, 2013 order. Only two of plaintiff's motions remain: a motion for default judgment against defendant Jimenez and a renewed motion for appointment of counsel. For reasons stated below, I will deny both motions.

      In his motion for default judgment against defendant Jimenez, plaintiff states that Jimenez (who started in the case as a John Doe defendant) never filed an answer after plaintiff amended his complaint to name Jimenez. However, as defendants point out, Jimenez filed an answer in this court on March 22, 2013 (his deadline for doing so). In doing so, defendants attached a certificate of service indicating that plaintiff was mailed a

1

copy.

Fed. R. Civ. P. 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Not only has Jimenez filed an answer, he has also defended this case. His lawyer (the same Department of Justice lawyer representing the other defendants) has responded to the various motions filed by defendant. Simply put, there is no reason to enter default. Therefore, I will deny plaintiff's motion.

Turning to plaintiff's motion for appointment of counsel, I first note that the word "appoint" is a bit of a misnomer. Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866 (7th Cir. 2013). Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997). The federal in forma pauperis statute provides that "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Absent any mandatory language, this statute merely confers discretion "to recruit a lawyer to represent an indigent civil litigant pro bono publico[.]" Pruitt v. Mote, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). In other words, it authorizes the court to recruit a volunteer. Id.

The question is whether recruiting pro bono counsel makes sense in this case. The court has denied plaintiff's previous motions to recruit counsel. See, e.g., dkts. 49, 61. In his current motion, plaintiff states that the court of appeals entered an order appointing him counsel in a similar sexual humiliation case. Rivera v. Drake, Case No. 12-1585 (7th Cir.

Dec 5, 2010). This is not quite an accurate recounting of the opinion. The court stated:

> Because we are remanding this case for a trial on disputed facts, we urge the district court to evaluate carefully the propriety of recruiting counsel to assist plaintiff at trial. See 28 U.S.C. § 1915(e)(1); Pruitt v. Mote, 503 F.3d 647, 654–658 (7th Cir. 2007) (en banc). Rivera moved for appointment of counsel six times during pretrial proceedings, but the court rejected each motion. Rivera asserts that he is unable to read or write effectively in English and suffers from a psychotic disorder. He has been assisted by fellow inmates throughout the case. Although some submissions have been coherent, they have become less intelligible as the case has progressed. In any event, because this case can proceed to trial, fellow inmates will no longer be able to assist him there.

Id. at 4. In this case, it is somewhat difficult to tell what (if any) documents plaintiff has filed himself versus the documents with which he has received help from jailhouse lawyers. In any case, those filings have not shown that plaintiff requires the assistance of counsel. Considering the relative simplicity of this case—by far the most important task plaintiff will have is to recount in as much detail as possible the events of April 11, 2008, events of which he should have personal knowledge—I conclude that plaintiff has failed to show that the complexity of the case outstrips his abilities. Therefore, his motion will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff Natanael Rivera's motion for default judgment against defendant George Jimenez, dkt. #70, is DENIED.

2. Plaintiff's renewed motion for assistance in recruiting counsel, dkt. #67, is DENIED.

Entered this 15th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge