IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                                Plaintiff,

    v.

MICHAEL SCHULTZ, SAMUEL MENNING,
LAWRENCE PETERSON and
GEORGE J. JIMENEZ,

                                Defendants.

ORDER

12-cv-240-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      As directed by this court's order of November 25, 2013, plaintiff Natanael Rivera has submitted a copy of his trust fund account statement so that a determination may be made whether he is indigent for the purpose of proceeding on appeal in forma pauperis and if he is, what amount must be assessed under the 1996 Prison Litigation Reform Act as an initial partial payment of the fee for filing his appeal. In the November 25 order, I found that plaintiff's appeal is not taken in bad faith and that he is not barred by the three strikes provision of 28 U.S.C. § 1915(g) from proceeding with his appeal in forma pauperis. Plaintiff has also filed a motion for preparation of the trial transcript at government expense.

      From plaintiff's trust fund account statement, I conclude that he qualifies for indigent status and assess plaintiff an initial partial payment of the $455 fee for filing his appeal in the amount of $0.50.

1

If plaintiff does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount plaintiff must pay at this time is the $0.50 initial partial appeal payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

As to plaintiff's motion for preparation of the trial transcripts, under 28 U.S.C. § 753(f), a party proceeding in forma pauperis is entitled to a free transcript only after the party files an appeal and the court determines that the appeal "is not frivolous (but presents a substantial question)." A "substantial question" within the meaning of 28 U.S.C. § 753(f) is one that is "reasonably debatable." In granting plaintiff leave to proceed in forma pauperis on his appeal, I have already concluded that the appeal is not taken in bad faith. Although I see no error in the court's rulings or the directed verdict, the transcript of the trial proceedings will be necessary for the court of appeals to consider this issue. Accordingly I will grant plaintiff's motion.

ORDER

IT IS ORDERED that

1. Plaintiff Natanael Rivera's request for leave to proceed in forma pauperis on

appeal is GRANTED. Plaintiff may have until December 26, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $0.50. If, by December 26, 2013, plaintiff fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

2. The clerk of court is directed to insure that the court's financial records reflect plaintiff's obligation to pay the $0.50 initial partial payment and the remainder of the $455 fee in monthly installments.

3. Plaintiff Natanael Rivera's request for preparation of transcripts at government's expense, dkt. #106, is GRANTED. The court reporter is directed to prepare a transcript of the November 14, 2013 final pretrial conference and the November 14, 2013 trial and furnish copies to plaintiff and to the government, with the fees to be paid by the United States, pursuant to 28 U.S.C. § 753(f).

Entered this 6th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge