IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                                           ORDER

                    Plaintiff,

                                 12-cv-240-bbc

        v.

MICHAEL SCHULTZ, SAMUEL MENNING,
LAWRENCE PETERSON and GEORGE JIMENEZ,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Natanael Rivera brought this case under 42 U.S.C. § 1983, alleging that several correctional officers strip searched him, in violation of the Eighth Amendment.  At the conclusion of a trial on November 14, 2013, I entered judgment as a matter of law in favor of defendants Michael Schultz, Samuel Menning, Lawrence Peterson and George Jimenez because plaintiff's evidence showed at most that defendants pulled down plaintiff's outer pants for a few seconds, leaving him covered by his undershorts and a shirt, which is not enough to sustain a claim under the Eighth Amendment.  Dkt. #100-01.  After plaintiff filed a notice of appeal, I granted his motion under 28 U.S.C. § 753(f) for preparation of transcripts at government expense.  Dkt. #109.

Now plaintiff has filed a letter in which he seems to be challenging the accuracy of the transcript that was prepared and certified in accordance with 28 U.S.C. § 753(b).  Dkt. #113.  Under Fed. R. App. P. 10(e)(1), "[i]f any difference arises about whether the record

1

truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

Plaintiff's grounds for challenging the transcript are not clear.  The closest he comes to making a specific objection is his statement that the transcript is missing defendant Menning's testimony that pulling plaintiff's pants down may have been a joke.  However, he does not identify the particular testimony that he believes is missing or identify where in the transcript the missing testimony should be.  Further, he did not submit any evidence in support of his view, such as a sworn declaration.  Finally, he does not explain how the allegedly missing testimony could help him on his appeal.

"The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b).  Vague, unsworn allegations are not sufficient to overcome that presumption.  Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1201 (5th Cir. 1989);  United States v. Riggs, 2:10CR00002–004, 2012 WL 10287 (W.D. Va. Jan. 3, 2012);  Bruce v. United States, 2:09-CV-00892, 2012 WL 4076525 (S.D.W. Va. Sept. 17, 2012); United States v. Adeniran, CRIM. 11-87 MJD/JJK, 2011 WL 3348033 (D. Minn. Aug. 3, 2011); Mills v. United States, CV409-051, 2010 WL 4237802 (S.D. Ga. Sept. 29, 2010) report and recommendation adopted, CV409-051, 2010 WL 4256202 (S.D. Ga. Oct. 21, 2010); Williams v. Sprint/United Management Co., No. 03–2200–JWL, 2008 WL 5377839, at *1 (D. Kan. Dec. 19, 2008).

Plaintiff may be recalling his *own* testimony that defendant Menning told him after

the search that "it was just a joke." Tr. Trans., dkt. #111, at 53.  While questioning

Menning later, plaintiff made a similar comment that "it must have been a great joke." Id.

at 101.  Or perhaps plaintiff is thinking of Menning's testimony that he and the other

officers laughed when plaintiff's pants fell down. Id. at 97, 101.  Regardless, plaintiff has

not shown that the transcript is incorrect in any respect.


ORDER

IT IS ORDERED that plaintiff Natanael Rivera's motion to correct the record, dkt.

#113, is DENIED.

Entered this 21st day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge